Morse, Respondent, vs. Stockman, Appellant.

*September 2— September 20, 1887.*

Appeal, *remanding for new trial.*

Where, in an action of ejectment to recover an undivided one half of five distinct parcels of land, the court directed a verdict for the plaintiff, and, upon appeal by defendant, the plaintiff admitted that, as to two of those parcels, his testimony was insufficient to support such direction and verdict, *held,* that the supreme court could not remand the cause with directions to the circuit court to give judgment for the plaintiff for the interest claimed in the other three parcels, but could only reverse the judgment and remand the case for a new trial.

APPEAL from the Circuit Court for *Waukesha* County. The action is ejectment, brought to recover an undivided half of five distinct parcels of land, each of which is fully and particularly described in the complaint. The defendant in his answer claims to be the owner of the same undivided half of said five parcels, and denies that the plaintiff has any title thereto. At the close of the trial of the action the court directed the jury to return a verdict for the plaintiff for the undivided half of the five parcels claimed, which they accordingly did. A motion by the defendant to set aside the verdict, and for a new trial, was denied, and judgment for the plaintiff that he recover the land claimed was duly entered pursuant to the verdict. The appeal is by the defendant from such judgment.

For the appellant there was a brief by *Carney & Ryan,* attorneys, and *E. P. Vilas,* of counsel, and oral argument by *Mr. Vilas.*

*E. W. Chafin,* for the respondent.

By the Court. During the argument of this appeal, counsel for plaintiff stated to the court and admitted that, as to two of the five parcels of land described in the complaint

and claimed in the action, the testimony in the case is insufficient to support the direction of the trial court to return a verdict for the plaintiff. The erroneous direction to the jury respecting those two parcels necessarily works a reversal of the judgment.

The same counsel suggested, but scarcely claimed, that this court might remand the cause with directions to the circuit court to give judgment for the plaintiff for the interest claimed in the other three parcels. We do not look into the record to determine whether the proof supports a direction to the jury to find, as to those parcels, for the plaintiff; for, assuming that it does, we are aware of no authorized rule of practice which will justify this court in directing what judgment shall be entered. Were the verdict right, probably such a direction might be given, but the error is in the verdict as well as the judgment, and both accord with the complaint. There is nothing in the record upon which to base a direction to enter judgment as suggested.

The judgment is reversed, and the cause will be remanded for a new trial.